In the United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The United States of America,<br><br>Plaintiff<br><br>v.<br><br>Nefri Figuereo-Peguero,<br><br>Defendant. | Cr. No. 25-196 (PAD) |

SENTENCING MEMORANDUM

TO THE HONORABLE PEDRO A. DELGADO-HERNANDEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

I.  Introduction

About four (4) months before his arrest, Mr. Figuereo-Peguero came to Puerto Rico risking his life aboard a yawl in a desperate effort to help his family. His 12-year-old stepdaughter, who suffered from a serious heart condition, needed immediate surgery. Mr. Figuereo-Peguero and his common-law wife have been together for over seven (7) years. Together, they have a five-year-old daughter. While in Puerto Rico, Mr. Figuereo-Peguero worked in construction and sent most of his paycheck to his wife back home. This helped cover their rent in Santo Domingo, school and medical expenses. Fortunately, they were able with his help to cover for his stepdaughter's heart surgery. However, after post-surgery complications, their beloved 12-year-old daughter passed away. Mr. Figuereo-Peguero's world came apart. He was far away from his family while they grieved and suffered this traumatic event without him.

With all the recent massive deportations and to be with his family in this time of grief, Mr. Figuereo-Peguero decided to voluntarily return to the Dominican Republic. He was arrested at the airport on his way back home, after purchasing his flight ticket and a provisional passport our "route letter" issued by the Dominican Republic Embassy in Puerto Rico, which authorized him to exclusively travel to the Dominican Republic within 30 days. He remains detained for two (2) months.

Considering the nature of the charged offense and the surrounding circumstances, Mr. Figuereo-Peguero moves this Court to impose a sentence of <u>time served with no supervised release to follow</u>. Imposing a term of supervised release would only serve punitive purposes, as he will be deported to his native country and will not benefit from the goals of a supervised release term.

II.    3553(a) factors

Mr. Figuereo-Peguero is a 32-year-old man from Santo Domingo, Dominican Republic. When he was around 10 years old, he moved with his parents and siblings to Hartford, Connecticut. His father had a work Visa, which allowed them to move to the United States. While in Connecticut, Mr. Figuero-Peguero enrolled in school and learned English. He is fully bilingual. At 10th grade however, Mr. Figuereo-Peguero dropped out from school after his parents' divorce. He decided to work instead to help his mother financially, who was left alone with him and his siblings. Mr. Figuereo-Peguero worked as a barber and then moved to New York for a few years where he worked managing a winery. He later returned to Connecticut with his mother. Around 2012, Mr. Figuereo-Peguero was deported after a conviction for a non-violent drug possession charge. He remained in the Dominican Republic

until his reentry to Puerto Rico now on 2025. Both his parents still live lawfully in the United States.

While in the Dominican Republic, Mr. Figuereo-Peguero fathered twin sons, product of a previous relationship. They are eight years old and live in the Dominican Republic with their mother. Mr. Figuereo-Peguero shares a close relationship with all his children. He provides child support and covers most expenses, including rent and school for all his children and stepchildren. Mr. Figuereo-Peguero worked for a private company which provided customer service to cellphone companies, such as AT&T and Verizon. However, his salary of about $320.00 monthly was not enough to cover his financial responsibilities, including medical expenses for his stepdaughter's surgery. This is when Mr. Figuereo-Peguero decided to come to Puerto Rico. He knew it was a risk—but it was a risk he was willing to take. He risked his life and liberty for his family. He now remains detained, away from them, unable to be with them in this time of grief, and unable to help them financially. Mr. Figuereo-Peguero is desperate to return home. His wife recently had to take their children out of school as she doesn't have the financial resources to keep them enrolled.

III.    Conclusion

Mr. Figuereo-Peguero did not come to the United States to commit further crimes. He was a desperate person, who sacrificed his life and liberty for his family. He came to Puerto Rico to work and send money back home. During his time in Puerto Rico, Mr. Figuereo-Peguero worked in construction, thus helping our infrastructure, and doing the hard work most people are unwilling to perform. Working 6 days a week, under the sun, and with a rooted concern of being arrested any day by immigration authorities. Mr. Figuereo-Peguero is a responsible, hardworking person, who does not uses controlled substances and has no

history of violence. He is the head of his family and needs to return to them as soon as possible.

With a Criminal History Category of I and a Total Offense Level of Four (4), the guidelines imprisonment range is from zero to six months.[1] A sentence of time served for Mr. Figuereo-Peguero with no supervised release to follow is a sentence sufficient but not greater than necessary to serve the goals of sentencing. A supervised release term is not required by the charged statute [8 U.S.C. § 1326(a) & (b)(1)], while the sentencing guidelines recommend not imposing such term when it's not required by statute "*and the defendant is a deportable alien who likely will be deported after imprisonment*". USSG §5D1.1(c).

WHEREFORE, Mr. Figuereo-Peguero respectfully moves the Court to NOTE this sentencing memorandum; and IMPOSE a sentence of time served with no supervision to follow.

I HEREBY CERTIFY that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system which will send electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of June 2025.

RACHEL BRILL
Federal Public Defender
District of Puerto Rico

*S/ Edwin A. Mora Rolland*
Edwin A. Mora Rolland
Assistant Federal Public Defender
USDC-PR 304603

---

[1] *See*, PSR at docket entry 24; paragraph 66.

241 F.D. Roosevelt Avenue
San Juan, Puerto Rico 00918
(787) 281-4922
Fax. (787) 281-4899
edwin_mora@fd.org

Case 3:25-cr-00196-PAD    Document 25    Filed 06/05/25    Page 5 of 5